**UNITED STATES OF AMERICA**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )      94 Cr. 313 (CSH)
    – against –                     )
                                    )
STEVEN CAMACHO,                     )      **MAY 18, 2020**
                                    )
    Defendant.                      )
_____)

**RULING ON RESENTENCING**

**HAIGHT, Senior District Judge:**

This Ruling implements the resentencing of Defendant Steven Camacho. The occasion for resentencing is derived from the Court's decision, reported at 2020 WL 1878112 (S.D.N.Y. April 15, 2020) (the "April 15 Opinion"), which vacated Camacho's conviction and sentence under the firearms statute, 18 U.S.C. § 924(c). The facts and circumstances of the case are fully set forth in that opinion, familiarity with which is assumed, and are reiterated herein only to the extent necessary to explicate the revised sentence the Court now imposes.

I

The indictment in this case, 94 Cr. 313, charged Camacho and Jaime Rodriguez as co-Defendants. They were tried together. Both Camacho and Rodriguez were convicted, following jury trial, on all of the same five counts: the first four, charging them with conspiracy to murder, murder, and attempted murder, based on the shooting of three individuals on January 2, 1993. Those four counts alleged the predicate acts for the firearms charge contained in the fifth count.

The government's case against Rodriguez and Camacho has continued to proceed in tandem.

They were sentenced to the same terms: 25 years' imprisonment on Counts 2 and 3, to run concurrently with each other and with 10 years' imprisonment of Counts 1 and 4, followed by a consecutive 5 years on Count 5, the firearms charge. Rodriguez and Camacho were joint appellants when the Second Circuit rejected the direct appeals. They filed a joint petition for habeas relief, which this Court denied, a denial the Second Circuit affirmed. The case came again before this Court after the Supreme Court held in *United States v. Davis,* 139 S. Ct. 2319 (2019), that part of the firearms statute was unconstitutional. Based on *Davis*, Rodriguez and Camacho moved jointly under 28 U.S.C. § 2255 to vacate their firearms convictions and sentences.

The Court's April 15 Order granted that motion. In consequence, Camacho and Rodriguez must be resentenced on the remaining counts of the indictment. In a separate Ruling, filed concurrently with this one, the Court sentences Rodriguez to Time Served. The Court herewith imposes the same sentence upon Camacho.

II

In its Ruling on Rodriguez, the Court rejected the government's contention that notwithstanding the post-*Davis* vacatur of the firearms sentence, Rodriguez should be resentenced to an aggregate term of 30 years, that being the same aggregate term of the sentence initially imposed. The Court holds, in the Ruling filed concurrently, that Rodriguez is sentenced to "Time Served," which consists of over 26 years of incarceration.

The reasons for the Court's resentencing of Rodriguez apply equally to the case of Camacho. The Court intends that the two Rulings be read together. The pertinent circumstances are the same: the relative youth of the defendants when the offenses were committed, the structure of the criminal gang at that time, good conduct and discernible rehabilitation during over 25 years of imprisonment,


the fact that the most recent years of incarceration were (*Davis* instructs us) unconstitutional. There is no just basis for differing between Rodriguez and Camacho in fashioning new sentences.[1]

III

For the foregoing reasons, and for the reasons stated in the separate Ruling resentencing Defendant Rodriguez filed concurrently herewith, Defendant Steven Camacho is resentenced to Time Served.

The Court makes this Order:

1. The sentence imposed upon Defendant Steven Camacho as the result of his resentencing on this indictment by this Court in 2009 is VACATED in its entirety.

2. On Counts Two, Three and Four of the indictment, Defendant Steven Camacho is resentenced to TIME SERVED.

3. The execution of this Order and Resentence is STAYED until June 1, 2020, so that the government, if so advised, may file an expedited appeal. In such event, any further stay must be granted by the Court of Appeals.

Dated:  New Haven, Connecticut
        May 18, 2020

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[1] According to the government's proof at trial, Camacho was one of two shooters, whle Rodriguez waited in a getaway car. That joint participation, in an incident arranged by others, rendered them both liable for the capital offense. The difference in roles is not material for sentencing purposes.